

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00197-CR

EDWIN ANTONIO OSORIO-LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17914

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# O P I N I O N

After a jury trial in Upshur County, Edwin Antonio Osorio-Lopez was convicted of evading arrest or detention with a vehicle and aggravated assault with a deadly weapon. Osorio-Lopez was sentenced to concurrent ten-year and twenty-year sentences, respectively.[1] On appeal of his conviction of evading arrest or detention with a vehicle, Osorio-Lopez claimed—as his sole point of error—that the trial court erred in not granting his motion for continuance to allow for a competency examination.[2]

By order dated August 14, 2019, we sustained Osorio-Lopez's point of error and abated this case to the trial court with instructions to conduct a retrospective competency trial, if such a trial were feasible. After having determined that a retrospective competency trial was feasible, the trial court conducted the retrospective competency trial on February 25, 2020, and found Osorio-Lopez to have been competent at the trial resulting in the convictions that are the subjects of his appeals. Following abatement, we granted Osorio-Lopez's motion for rehearing. After having been afforded the opportunity for further briefing following abatement, Osorio-Lopez contends that the trial court abused its discretion (1) by granting defense counsel's oral request to withdraw at the retrospective competency trial and by allowing Osorio-Lopez to represent himself during that proceeding, (2) by admitting evidence against him during the retrospective competency proceeding, and (3) by not finding sufficient evidence of his incompetency.

---

[1]*See* TEX. PENAL CODE ANN. §§ 38.04(2)(A), 22.02.

[2]In companion cause number 06-18-00198-CR, Osorio-Lopez appeals from his conviction of aggravated assault with a deadly weapon. In that case, as in this one, Osorio-Lopez claimed that the trial court erred in not granting his motion for continuance to allow for a competency examination.

Because we find that Osorio-Lopez should have been represented by counsel at the retrospective competency hearing, we reverse the trial court's competency determination and remand for a new retrospective competency hearing.[3]

## I.   Factual and Procedural Background

On February 5, 2018, Osorio-Lopez was scheduled to enter guilty pleas on charges of evading arrest or detention with a vehicle and unauthorized use of a motor vehicle. Osorio-Lopez declined to enter guilty pleas and instead elected to proceed to trial before the court. On February 13, 2018, Osorio-Lopez returned to court for a pretrial hearing. The trial court acknowledged that the case was set for a bench trial that afternoon but stated that Osorio-Lopez's interpreter and the attorneys had expressed some concerns about Osorio-Lopez's competency. The trial court then proceeded to explain the adversarial process to Osorio-Lopez and confirmed that he had a seventh-grade education. Osorio-Lopez indicated that he had experienced mental and emotional problems and had been hospitalized in Wichita Falls following a period of incarceration in Fort Worth. At the conclusion of the hearing, the trial court ordered Osorio-Lopez to be examined by Tom Allen, Ph.D., to determine Osorio-Lopez's competency to stand trial.

Allen issued an evaluation report in which he concluded that Osorio-Lopez was incompetent to stand trial.[4] According to Allen, Osorio-Lopez "appeared to be having considerable difficulty responding to many questions in linear, logical fashion and tended to provide rambling responses and memorial details were very vague." Allen further concluded that Osorio-Lopez exhibited paranoid

---

[3]Based on this determination, we need not address Osorio-Lopez's remaining points of error.

[4]Allen diagnosed Osorio-Lopez with "Psychotic Disorder NOS," "Cannabis Use Disorder," and "Stimulant Use Disorder by History in Remission." The report noted that Osorio-Lopez was prescribed and was taking antipsychotic medication and medication for allergies and anxiety.

3

ideation and suffered from impaired insight. Based on Allen's report, the trial court found Osorio-Lopez incompetent to stand trial and, in conformity with Article 46B.073 of the Texas Code of Criminal Procedure, ordered Osorio-Lopez's commitment to Rusk State Hospital on April 26, 2018, for a period not to exceed 120 days for further examination and treatment.

On August 8, 2018, the trial court was advised by Larry Hawkins, M.D., unit psychiatrist at Rusk State Hospital that, after a period of observation and treatment, Osorio-Lopez was re-evaluated and was determined to be competent to stand trial. Hawkins warned, "Current medications are necessary to maintain the defendant's competence."[5] A new trial date was scheduled for October 8, 2018.

Three days before the scheduled trial, Osorio-Lopez's appointed counsel filed a motion to withdraw. Counsel informed the trial court that Osorio-Lopez requested that counsel withdraw because Osorio-Lopez could not communicate with counsel. When the trial court asked Osorio-Lopez to explain, he stated that he had a problem in Fort Worth involving a false identification. Osorio-Lopez told the trial court that there was a report from an official who detained him stating that counsel did not listen to Osorio-Lopez. He also told the trial court that counsel threatened him on several occasions and sided with the police officers.

Trial counsel explained that Osorio-Lopez was referring to a case he had in Tarrant County in which he was represented by a different attorney. After the trial court explained to Osorio-Lopez that this case had nothing to do with Fort Worth, Osorio-Lopez stated that counsel would not be able to

_____

[5]A report dated July 31, 2018, by Sarah J. Rogers, Ph.D., of Rusk State Hospital stated,

> With respect to all assessed capacities, Mr. Osorio-Lopez has a factual understanding as well as rational appreciation of the proceedings against him. Further, he possesses the capacity to consult with his attorney with a reasonable degree of rational understanding. Maintenance of these capacities involves medication adherence and continued stability in his symptoms.

4

defend him because of the issue he had the first time. Osorio-Lopez remained adamant that appointed counsel in the current case was the same attorney who represented him in Fort Worth. Counsel stated that he never had a case in Fort Worth. The trial court denied the motion to withdraw.

Following jury selection, Osorio-Lopez's court-appointed counsel filed a verified motion for continuance outlining his inability to effectively communicate with Osorio-Lopez. The motion stated that, after Osorio-Lopez was determined to be competent and was returned to Upshur County, he was able to effectively communicate with counsel in writing and with the help of counsel's bi-lingual assistant. Counsel went on to state,

> Communications have deteriorated to the point that Defendant is adamant that undersigned counsel had represented him on a prior matter in Tarrant County and despite all attempts of Undersigned Counsel and the court appointed interpreter to convince him otherwise, this thought remains with Defendant. Defendant deems any advice of undersigned counsel to be against his best interest. Trial Counsel requests a continuance to have Dr. Thomas Allen examine Defendant again for competency.

At the hearing on the motion, counsel elaborated,

> As we got closer to jury selection and with communications I was able to do through [the interpreter,] it seemed to me that he was starting to have irrational thoughts, for instance, one the court is aware where he thought I represented him in another county in another matter and in his opinion had sold him out on a prior criminal matter. At jury selection[,] he presented written documentation to [the interpreter] that [the interpreter] was able to translate and get back to me last Thursday afternoon and was information he thought would be helpful in his defense. However, it appeared to me that he obviously had a lot of in my opinion irrational thoughts that he deemed were factual. And in furtherance of that[,] this morning he's made serious communications with me about things that he thinks or believes is happening down in the jail that would be horrific if true but to me seem to be irrational thoughts . . . . [H]e basically goes against every piece of advice I give him and gone as far as not signing essential documents like the application for community supervision because he thinks my advice is against his best interest. I am requesting a continuance in both cases to have . . . Dr. Tom Allen examine him again to deem whether or not he's competent because I feel like he's not competent to communicate with me to present a defense today.

On this evidence, we determined that there was some evidence to support incompetency and sustained Osorio-Lopez's claim that the trial court erred in failing to grant his request for a formal competency evaluation. We abated this case to the trial court to determine whether it was feasible to conduct a retrospective competency trial, and if so, the trial court was ordered to conduct such a hearing. *See* TEX. CODE CRIM. PROC. ANN. ch. 46B, subch. C; *Turner v. State*, 422 S.W.3d 676, 696–97 (Tex. Crim. App. 2013). By order dated November 7, 2019, the trial court determined that a retrospective competence trial was feasible, "given the current availability of evidence, other pertinent considerations and even given the passage of more than one year since the original trial of this matter."

At the February 25, 2020, retrospective competency hearing, counsel for Osorio-Lopez asked his client if he understood that counsel was his counsel at trial, to which Osorio-Lopez responded:

> Yes, I understand you were my present attorney but I had a change of attorney when he said the last court hearing when I was with the other attorney that he was going to leave when the other one returned. So my attorney sent me the last letters. And my attorney, doctor, judge told me that I was competent to be in court, to the rule of the court.

Defense counsel then asked Osorio-Lopez, "Would you like for me to ask questions of the State's witness or are you wanting to ask the questions yourself?" Osorio-Lopez responded, "I want to be my own judge, my own attorney to listen to the rules to see if I'm competent for that to return under oath." Defense counsel then indicated that he had no further questions.

The trial court then asked Osorio-Lopez if he understood that he had "the right to have an attorney present with [him.]" Osorio-Lopez responded, "[I] lost him to see who I could -- I'm

6

going to be representing myself." The trial court asked Osorio-Lopez if he wanted to represent himself, and Osorio-Lopez said, "Yes." The trial court responded, "All right. That's fine."

The State then indicated that it "agreed to stipulate to the doctor's report," the most recent of which was drafted in December 2019. That report indicated that Osorio-Lopez was competent to proceed in the retrospective competency hearing.[6] The trial court, at the State's request, took judicial notice of "those files."

Jon Kregel, a licensed translator for the State of Texas, testified that he was appointed by the trial court to translate for Osorio-Lopez and that he did so on many occasions. Although Kregel did not have any issues translating for Osorio-Lopez, he explained that Osorio-Lopez had some difficulty understanding the process and procedures.

Kregel was present for each of Osorio-Lopez's three psychological evaluations. Osorio-Lopez was found incompetent to proceed as a result of the initial evaluation and was found competent to proceed as a result of the second two evaluations. Kregel did not notice any difference in Osorio-Lopez's ability to understand "what was going on in those three evaluations." Kregel did notice, however, a difference in Osorio-Lopez's behavior and how he

---

[6] The State indicated,

> [P]rior to calling any witnesses, we have agreed to stipulate to the doctor's report, the Court should have those available in their file. If the Court does not have them available, I do have copies for the Court. The most recent one was in December of 2019, which is referring to the proceedings here today that found Mr. Lopez competent to proceed in this competency trial.

The December 2019 report from Thomas G. Allen, Ph.D., to the trial court indicated that Osorio-Lopez was competent to stand trial (on the issue of his competency to stand trial at the original trial). The report stated that Osorio-Lopez "demonstrate[d] an adequate factual and rational understanding of the proceedings against him and . . . [had] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding if he so [chose]."

accepted what Kregel explained to him. Kregel explained that, sometimes, Osorio-Lopez was more receptive and that, at other times, he did not want to hear "what [Kregel had] to say at all."

Kregel further testified that he was able to talk to Osorio-Lopez as if he were from the same country. Kregel has visited Honduras on many occasions and is familiar with the culture. He agreed with the report tendered to the trial court that indicated that Osorio-Lopez's behavior was "more consistent with indoctrination by his culture than any incompetency" and stated that he was not concerned with Osorio-Lopez's competency.[7] He was more concerned about "his general demeanor" and willingness to follow instructions. He explained, "When you give him an explanation about something and he's not interested . . . , he basically shuts off literally and then doesn't hear anything else you say to him after that." Osorio-Lopez, acting pro se at the retrospective competency hearing, declined to question Kregel.

Billy Wayne Byrd, the district attorney for Upshur County, testified that he was present at Osorio-Lopez's pretrial hearings and trial. Byrd cross-examined Osorio-Lopez at an initial pretrial hearing and felt that that there was a "potential issue" based on Osorio-Lopez's blank stare and his responses, which had nothing to do with the questions asked. At that point, he raised the issue of Osorio-Lopez's competency with the trial court. Osorio-Lopez was thereafter evaluated and determined to be incompetent to stand trial. After Osorio-Lopez was released from the hospital and

---

[7]This testimony appears to relate to Osorio-Lopez's competency at the time of the retrospective competency trial rather than his competency at the time of the trial of conviction. The December 2019 competency evaluation indicated that "[i]deation was paranoid, but he expressed beliefs that appeared cultural rather than delusional. For example, [Osorio-Lopez stated that] people control his life with 'black Maya' or 'white witchcraft' and even though he grew up believing in God he has been unable to control the 'black Maya influences.'" The report finding Osorio-Lopez competent to stand trial following his psychiatric hospitalization makes no mention of cultural issues. Because we are reversing the trial court's competency determination and remanding the case for a new competency hearing, we express no opinion whether Kregel was qualified to testify to an opinion that Osorio-Lopez was competent. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.021(a)(2), art. 46B.022.

8

was declared competent, Byrd participated in his jury trial representing the State. At trial, based on Byrd's opinion and observations, Osorio-Lopez was able to understand the proceedings and often responded in English before the interpreter had the opportunity to translate. Osorio-Lopez was responsive and attentive. He answered Byrd's questions while looking directly at him. Byrd had no concerns regarding Osorio-Lopez's competency at trial.

Osorio-Lopez's brief cross-examination of Byrd was difficult to follow:

Q       Are you competent to say in court that you were accusing me with Mr. Michael that was in Fort Worth when he had the last court in Fort Worth?

A       I'm sorry, can you re-translate that again, the question. Did you say Michael?

Q       Are you competent here to stand here to say that you were competent to say that I had a hearing in Fort Worth, a hearing there in Fort Worth?

A       I can't respond of what may or may not have happened in Fort Worth, Texas. What the Court and what I was concerned with were the proceedings here in Upshur County, Texas.

Q       Okay. Thank you.

The court then announced that it had determined that Osorio-Lopez "was competent at his trial in which jury selection occurred on October the 8th and trial proceeded on October the 16th." Following the hearing, the trial court issued its February 25, 2020, order concluding that Osorio-Lopez was competent at the time of his October 2018 jury trial.

## II.     Osorio-Lopez Should Have Been Represented by Counsel at the Retrospective Competency Hearing

The Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Texas Constitution provide that in all criminal prosecutions, a defendant has the right to assistance of counsel. U.S. CONST. amends., VI, XIV; TEX. CONST. art. 1, § 10; *see Faretta*

9

*v. California*, 422 U.S. 806, 819 (1975); *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). This constitutional guarantee has been held to include critical events in a criminal prosecution such as a competency hearing. *See Estelle v. Smith*, 451 U.S. 454, 469–71 (1981) (recognizing Sixth Amendment right to counsel when defendant undergoes psychological examination); *Kirby v. Illinois*, 406 U.S. 682, 688–89, 92 (1972) (under the Sixth Amendment, a person is entitled to the help of a lawyer "at or after the time that adversary judicial proceedings have been initiated against him . . . whether by way of formal charge, preliminary hearing, indictment, information, or arraignment").

Here, although Osorio-Lopez was appointed counsel for the retrospective competency hearing, he told the trial court that he wanted to represent himself, and the trial court permitted him to do so. We conclude that the trial court erred in permitting Osorio-Lopez's attorney to withdraw without appointing new counsel to represent Osorio-Lopez at the retrospective competency hearing.

Osorio-Lopez points to the record in support of his claim that his purported waiver of the right to counsel failed to satisfy constitutional standards. *See Faretta*, 422 U.S. at 819. Nevertheless, our conclusion that the trial court erred in allowing Osorio-Lopez to represent himself at the retrospective competency hearing is not based on any alleged shortcomings in the trial court's admonishments, but instead our conclusion is based on the inapplicability of the right to self-representation in the proceeding below, i.e., one to determine Osorio-Lopez's competency at the trial of conviction.

When the issue of the defendant's competency is pending, federal courts have concluded that a defendant may not be permitted to waive the right to counsel. *See United States v Ross*,

10

703 F.3d 856, 869 (6th Cir. 2012); *United States v. Zedner*, 193 F.3d 562, 567 (2d Cir. 1999) (per curiam); *United States v. Klat*, 156 F.3d 1258, 1263 (D.C. Cir. 1998); *United States v. Purnett*, 910 F.2d 51, 55 (2d Cir. 1990) ("Logically, the trial court cannot simultaneously question a defendant's mental competence to stand trial and at one and the same time be convinced that the defendant has knowingly and intelligently waived his right to counsel."). "These cases support a common-sense viewpoint that a defendant cannot represent himself at his own competency hearing, the purpose of which is to determine whether a defendant understands and can participate in the proceedings in the first place." *Ross*, 703 F.3d at 869.

In *Klat*, for example, the court held that a defendant whose competency is reasonably in question "may not proceed *pro se* until the question of her competency to stand trial has been resolved." *Klat*, 156 F.3d at 1263. The court found support for this conclusion in *Pate v. Robinson*, 383 U.S. 375, 384 (1966), in which the Supreme Court observed that "[i]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." Although we recognize that the hearing at issue here was a retrospective competency hearing designed to determine whether Osorio-Lopez was competent to stand trial in October 2018, we, nevertheless, find the logic of these cases compelling and conclude that Osorio-Lopez was not entitled to represent himself.

Because Osorio-Lopez should have been represented by counsel at the retrospective competency hearing, he is entitled to a new retrospective competency hearing at which he is represented by counsel.

11

## III.  Conclusion

We reverse the trial court's competency determination.  We abate and remand to the trial court for a new retrospective competency hearing.  The trial court is instructed to appoint counsel to represent Osorio-Lopez at the hearing who will not be a potential witness at that hearing.

Scott E. Stevens
Justice

Date Submitted:  January 13, 2021
Date Decided:  April 23, 2021

Publish